Mr. Justice Thacher
delivered the opinion of the court.
This is an appeal from the judgment of the circuit court of Claiborne county.
The appellant instituted his action of assumpsit upon a promissory note which had been made by the defendants to the appellant, as payee. Before the maturity of the note, the appellant had sold it to the Grand Gulf Railroad and Banking Company, and upon its maturity it was not paid by the makers, whereupon the appellant was duly notified in his capacity of indorser. Some time after protest, the appellant took up the note, by paying the Banking Company its amount of principal and interest, and instituted his action. The defendants plead non assumpsit and payment, and filed with the latter plea, as set off, an amount of the circulation notes of the Banking Company. On the trial one of the defendants was permitted to prove that he had the said circulation notes in his possession before the maturity bf the note sued upon, while it was the property,,and before it was paid to the Banking Company. The court below charged the jury, that if the defendant in question was the owner of the circulation notes, while the Banking Company was the owner of the note sued upon, and was also their owner at the time of the trial of the action below, they should, in estimating the appellant’s damages, deduct the amount of the circulation notes from the amount of the note sued upon. The court below refused, upon appellant’s application, to charge the jury that he was entitled, under the circumstances, to recover the whole amount of the note sued upon, — that the facts of the defendant’s holding the circulation notes of the Banking Company, without offering to pay them to that Company, furnished no defence to the action; that appellant was bound, as indorser, to pay the note to the Company, and was not released from any of this liability by the fact that the defendants, or either of them, had in possession, as before described, some of the circulation notes of the Company. A verdict was found for the appellant for the amount of the note and interest, deducting the amount of the circulation notes.
The statute, H. H. 373, s. 12, protecting the rights of the *90 makers of promissory notes assigned by indorsement, previous to notice to them, gives the makers the benefit of all set-offs, made, had or possessed against the same, in the same manner as if the same had been sued and prosecuted by the payee therein. In this case the appellant was the payee of the note. He assigned it by indorsement to the Banking Company. The effect of this indorsement was a contract between the appellant and the Banking Company, in which the former undertook to pay the note, if the makers did - not. The makers failed to pay the note. After the protest of the note, the appellant paid it according to his contract, which operated as a rescission of his assignment to the Banking Company. The note was simply a security which the Company held for the payment of the money advanced by it to the appellant, and upon the payment of that amount by appellant, after protest, he became repossessed of the note, not by the assignment of the Company, but by taking up his own paper, which he was bound to do, and he was thereby reinstated in all his rights over against the makers, without restriction or diminution. The case as presented is not within the statute. The court below therefore erred in refusing the charges requested by the appellant, in charging as it did for the defendants, and in admitting the evidence relative to the set-off of circulation notes.
The judgment is therefore reversed, and a new trial must be awarded by the circuit court of Claiborne county.